## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JIMMEY LEE LAMBERT,

       Petitioner,

v.                                   Case No. 2:21-cv-00260

DONALD AMES, Superintendent,[1]

       Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Petitioner's Motion for Preliminary Injunction (ECF No. 3) and Motion for Certification of Class Action Representative (ECF No. 4).

### I.    BACKGROUND

Petitioner is a West Virginia state prisoner incarcerated at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia. Petitioner has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) asserting various

---

[1] Petitioner also named Betsy Jividen, the Commissioner of the West Virginia Division of Corrections and Rehabilitation ("WVDCR") as an additional respondent. However, the proper respondent is the custodian where Petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Thus, the Clerk is directed to terminate Betsy Jividen as a respondent and to modify the docket sheet, including the short style of the case, to reflect that Donald Ames is the sole appropriate respondent herein.

constitutional challenges surrounding his placement and retention in administrative segregation at MOCC. Specifically, Petitioner challenges his initial placement in administrative segregation without certain due process protections. He further asserts due process challenges to the prison's operational procedures requiring completion of the "Quality of Life" program, which is described as a "stratified incentive-based 'behavioral modification program' with the stated sole purpose of encouraging him to improve his future behavior." (ECF No. 1 at 10). Petitioner asserts that the QOL program constitutes punishment and permits indefinite placement in administrative segregation without meaningful periodic review, thus, denying due process. Petitioner's petition also complains about certain conditions of confinement on administrative segregation and further asserts that the QOL program discriminates against administrative segregation inmates at MOCC as compared to those at other West Virginia correctional facilities and, therefore, violates the equal protection rights of such prisoners.

While the issue remains somewhat unsettled, the Fourth Circuit has recognized federal habeas corpus jurisdiction over challenges to "the imposition of segregated confinement without elementary procedural due process and without just cause." *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975); *see also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, *or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation*—then habeas corpus is his remedy.") (emphasis added); *Streeter v. Hopper*, 618 F.2d 1178, 1181 (5th Cir. 1980) (stating claim seeking release from

2

imposition of administrative segregation without due process is cognizable in habeas); *Hillberry v. Ballard*, No. 2:13-cv-21893, 2014 WL 7161012, at *10 (S.D.W. Va. Dec. 15, 2014).[2]  Thus, the undersigned has separately issued an Order to Show Cause directing respondent to respond to the allegations in the petition.

Petitioner has also filed a motion for preliminary injunction (ECF No. 3) and a motion for certification of class action representative (ECF No. 4).  The undersigned will address each of those motions in turn herein.

## II.    DISCUSSION

### A.    Motion for Preliminary Injunction.

In conjunction with the due process and other claims asserted in his petition, Petitioner generally asserts that he is subject to "excessive solitary confinement" and seeks a preliminary injunction to "prevent respondent[] from continuing to inflict permanent harm on Petitioner[,]" without any further factual or legal support.  Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction, an extraordinary remedy, only on notice to the adverse party.  Fed. R. Civ. P. 65(a).  "[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).  Rather, the discretion of the court to issue such an injunction should be "sparingly exercised."  *Id.* at 286.

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in

---

[2]  Whether a § 2241 habeas petition is the appropriate vehicle for all of Petitioner's claims is a matter to be further developed once respondent has made an appearance and responded to the petition.

the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*"). <u>All four</u> factors must be met to justify this extraordinary relief. *Real Truth*, 575 F.3d at 347.

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

Thus, the *Real Truth* decision emphasizes that the movant must make a clear showing that he is likely to be irreparably harmed, and particular attention must also be paid to the public consequences in employing the extraordinary remedy of an injunction. The movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Additionally, courts should grant preliminary injunctive relief involving the management of correctional facilities only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see*

*also Miles v. Bell,* No. 20-cv-2107, 2021 WL 229674, at *5 (D. Md. Jan. 22, 2021) (finding preliminary injunctive relief was not warranted on prison conditions claims).

Respondent has not yet made an appearance and responded herein. Moreover, based upon the general and conclusory assertions in his motion, Petitioner has not presently demonstrated a likelihood of success on the merits of his claims or that denial of preliminary injunctive relief will cause him actual and imminent harm. Thus, there are no exceptional and compelling circumstances that would justify granting such extraordinary relief. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY**, without prejudice, Petitioner's Motion for Preliminary Injunction (ECF No. 3).

### B.    Motion for Certification of Class Action Representative.

Petitioner also summarily asks the court to grant certification of a class action lawsuit "because this case involves hundreds of similarly situated inmates." (ECF No. 4). However, Petitioner has not sufficiently demonstrated the requisite criteria for class action certification, which is his burden.

Before certifying a class, which is subject to "wide discretion," a federal district court must conduct a "rigorous analysis" of whether a proposed class action meets the requirements of Federal Rule of Civil Procedure 23. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006); *Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 179 (4th Cir. 2010); *Coreas v. Bounds*, No. CV TDC-20-0780, 2020 WL 5593338, at *7 (D. Md. Sept. 18, 2020). To be certified, a class must satisfy all four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). Even if each of those criteria are satisfied, the court must still find that the proposed class action fits into

5

one of the categories of class actions under Rule 23(b). Petitioner has the burden of establishing each of the requirements for class certification. *Thorn*, 445 F.3d at 321.

Petitioner's bare-bones motion does not address any of the Rule 23 criteria and, thus, fails to satisfy those pleading requirements. Moreover, notwithstanding any other criteria, Petitioner cannot adequately represent other inmates in a *pro se* capacity and, as found in the undersigned's accompanying order, he has not presently demonstrated a need for appointment of counsel. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975); *Wiley v. W. Va. House of Delegates et al.,* No. 2:14-cv-10974, 2017 WL 663671, at *3 (S.D.W. Va. Jan. 30, 2017) (report and recommendation), *adopted by* 2017 WL 663350 (Feb. 17, 2017); *Bragg v. Sweeney*, No. 2:17-cv-03693, 2018 WL 1309730, at *4 (S.D.W. Va. Mar. 13, 2018) ("[T]here is not right to appointment of counsel in a civil matter such this and . . . a class action may not be brought by a *pro se* plaintiff."). Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY**, without prejudice, Petitioner's Motion for Certification of Class Action Representative (ECF No. 4).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Beger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

January 13, 2022

Dwane L. Tinsley
United States Magistrate Judge

7